ing any mandate to put a person into possession of real property "the same travel fees as upon the service of a summons." It will thus be seen that mileage allowed is just as much a fee as is specific compensation for service. If this be true, the allowance of mileage is expressly excluded by section 3330 of the Code of Civil Procedure, which provides:

"The allowance of a fee by this title does not apply to a case where special provision is otherwise made by statute for compensation for a particular service."

These reasons lead to an affirmance of the order, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements. All concur. BETTS, J., not sitting.

McGINNIS v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1911.)

MASTER AND SERVANT (§ 276*)—INJURY TO SERVANT—DEFECTIVE CARS.

In an action for injuries to a brakeman, caused by two cars which had been left on a grade, and on which he had been directed to set the brakes, running down the track and striking him, evidence *held* insufficient to show that the injury was caused by defects in the brakes.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952; Dec. Dig. § 276.*]

Betts, J., dissenting.

Appeal from Trial Term, Columbia County.

Action by John H. McGinnis, as administrator of the estate of Clarence McGinnis, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff and an order denying its motion for a new trial, defendant appeals. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Robert Wilkinson, for appellant.

George K. Daley (John T. Norton, of counsel), for respondent.

SMITH, P. J. The action is for damages suffered by the death of plaintiff's intestate while in the defendant's employ, caused by the want of repair of certain brakes upon certain cars of the defendant. These defects it is claimed allowed these cars to run down upon the plaintiff's intestate while in the pursuit of his duties, causing his death. The defendant's engine had pushed four cars upon a siding, which was upon a slight grade. The car furthest north was a Merchants' Dispatch Transportation Car, called in the evidence a "M. D. T. car." Next south was car No. 2,205. Next to that was car No. 2,252. Still south was Mt. Vernon car, and then the engine. The coupling on car, 2,252 was covered with ice, so that it could not be attached to car 2,205. Car 2,205 was attached to the M. D. T. car. The plaintiff's intestate was required to set the brake so as to hold the two cars, the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

M. D. T., and the 2,205, while the engine drew away from them the two cars, the Mt. Vernon and 2,252, four or five feet. He set the brake upon the M. D. T. car. He was then directed to take a hammer and break off the ice upon the coupling of car 2,252. While he was engaged in so doing, the two cars, upon one of which plaintiff's intestate had set the brake, moved without warning upon him and caused the injury which resulted in his death.

There is considerable evidence as to a defective brake upon car 2,205. I cannot see that that is material in this case, because the evidence is undisputed that, if the brake was sound upon the M. D. T. car to which car 2,205 was attached and was properly set, that brake would have held the two cars upon the track and prevented their coming down upon the plaintiff's intestate. Plaintiff's counsel seems to recognize the necessity of proving that the brake upon the M. D. T. car was also defective, and without other proof rests his case upon the doctrine of res ipsa loquitur, insisting that, inasmuch as the proof shows that with an adequate brake properly set the cars would have held, the mere moving of the car is of itself evidence that the brake was defective. This position, however, lacks strength, by reason of the necessary assumption that the brake on the M. D. T. car was properly set by plaintiff's intestate. There is no proof of that fact, and without it the inference is just as strong that the moving of the two cars was caused by a careless setting of the brake as by a defective brake, and stronger in fact by reason of the evidence that right after the accident the brake upon the M. D. T. car was sworn to be in perfect order. Plaintiff's counsel seems to rely upon the case of Ryan v. Fall River Iron Company, as reported in 200 Mass. at page 188, 86 N. E. 310. That case, however, was a case where an operative was injured by the sudden and automatic starting of a machine, which if in proper condition could not start automatically. There had been evidence that the machine was an old one, and that some repairs had been made upon it within three months before the accident, and that the repairs were made in an improper way so as to render automatic starting likely. The doctrine of res ipsa loquitur was there properly applied. The distinction between that case and the case at bar is noted in the opinion itself, where the court says:

"The occurrence of an accident, standing alone, is not always evidence of negligence. It may be as consistent with the innocence as with the fault of the person controlling the agency by which the accident happened. When the precise cause is left to conjecture and may be as reasonably attributed to a condition for which no liability attaches as to one for which it does, then a verdict should be directed against the plaintiff."

We are of opinion, therefore, that the plaintiff has failed to show that the negligence of the defendant has caused her injury.

The judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur, except BETTS, J., dissenting.